UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

**FILED UNDER SEAL**

| | | |
|---|---|---|
| In re: | ) | |
| THOMAS E. COWAN, JR., ESQ. | ) | |
| BPR No. 002026 | ) | 1:08-mc-3 |
| | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |

**MEMORANDUM & ORDER**

Attorneys practicing law in federal courts, including the Eastern District of Tennessee, are held to certain requirements and standards separate from those imposed by state regulatory bodies. *See In re Moncier*, 550 F. Supp. 2d 768, 769-70 (E.D. Tenn. 2008). The vast majority of lawyers who appear in the federal courts in the District conduct themselves admirably. While rare, when attorneys fail to conduct themselves professionally to the detriment of the judicial system and the public, it is incumbent upon the judges in the District to enforce these standards. *Id.* Such is the situation currently before the Court. For the following reasons, the Court adopts the recommendation of United States Bankruptcy Judge Marcia Phillips Parsons and determines Respondent Thomas E. Cowan should be disciplined.

**I.     PROCEDURAL HISTORY AND BACKGROUND**

On August 25, 2008, the Court, after receiving information regarding potentially unethical conduct, issued a show cause order, which initiated formal disciplinary proceedings against Respondent Thomas E. Cowan ("Cowan") pursuant to E.D.TN. L.R. 83.7 (Court File No. 2). Upon

receiving Cowan's response denying misconduct and requesting dismissal of the action (Court File No. 4), the Court appointed Judge Parsons to investigate the allegations and issue recommendations (Court File No. 5). Cowan declined a hearing on the matter and on February 5, 2009, Judge Parsons issued her recommendations (Court File No. 6). Upon investigating the allegations, Judge Parsons determined Cowan should be suspended from the practice of law in the Eastern District of Tennessee for six months based on his violation of Federal Rule of Bankruptcy Procedure 2016(b) and his delay in filing bankruptcy cases for his clients in a timely manner. In addition, Judge Parsons recommended denying Cowan's motion to dismiss the action.

In November 2007, Cowan entered into an agreement with the Tennessee Board of Professional Responsibility to settle disputes on a pending disciplinary action. As part of the settlement, Cowan would be suspended from the practice of law for a period of three months, from December 15, 2007, to March 15, 2008. Cowan wrote letters to clients under the impression he was suspended. However, on May 13, 2008, the Tennessee Supreme Court rejected the settlement and, thus, Cowan's license to practice law in Tennessee was valid during the three months he believed he was suspended.

The United States Trustee, in reviewing newly filed bankruptcy cases, determined Cowan's actions in seven bankruptcy cases warranted investigation. After examining the debtors in these cases, the United States Trustee filed a motion seeking disgorgement of fees paid by these debtors to Cowan and his partner, J. Collins Landstreet II ("Landstreet"). Cowan agreed to disgorge the fees and settled the dispute with the United States Trustee.

In August 2008, Cowan was ordered to show cause why he should not be disciplined for his conduct in the seven bankruptcy cases. Specifically, the Court asked Cowan to respond to

2

allegations he had engaged in the practice of law while under suspension by the state of Tennessee, he accepted fees from clients during the period of suspension, he used another attorney as a "front" while under suspension, he charged clients more than the fee disclosed in bankruptcy filings, he erroneously informed clients as to when to obtain credit counseling, he failed to file clients' cases in a timely manner, he placed electronic signatures of clients on documents the clients had never signed, he acted in an unprofessional and unethical manner, and he violated the Rules of Professional Conduct. Cowan responded to the Order, alerting the Court to the fact the Tennessee Supreme Court had rejected the settlement and he erroneously believed he was suspended when, in fact, he was not under suspension from December 2007 to March 2008. He denied all allegations contained in the show cause order.

Judge Parsons carefully investigated each allegation and determined two of the allegations were supported by "clear and convincing evidence" as required by E.D.TN. L.R. 83.7(h)(4). In addition, she recommended the motion to dismiss the proceeding be denied. Cowan responded to these findings within the ten days provided by E.D.TN. L.R. 83.7(i)(2).

## II. DISCUSSION

Cowan objects to Judge Parsons's recommendation to deny the motion to dismiss and to discipline him for violating Rule 2016(b) and failing to file cases in a timely manner.

### A. Motion to Dismiss

Cowan argues the disciplinary proceeding against him should be dismissed because he and the United States Trustee entered into a settlement of the same issues arising out of his actions in the seven bankruptcy cases. As part of the agreement, the United States Trustee agreed not to pursue

3

Case 1:08-mc-00003-TAV-SKL   Document 8   Filed 03/11/09   Page 3 of 12   PageID #: 169

any further adverse action. Since the United States Trustee filed a motion for an order to show cause regarding attorney discipline against Cowan, which he contends is in violation of the agreement, he asserts the appropriate remedy is dismissal of the proceeding.

> E.D.TN. L.R. 83.7(b) provides:
>
> Formal disciplinary proceedings shall be initiated by the issuance of an order to show cause signed by the Chief Judge. An order to show cause may be issued by the Chief Judge on his or her own initiative or upon complaint filed by any such counsel of record or party to an action in this court.

Since disciplinary proceedings can only be initiated by the Chief Judge, whether sua sponte or upon receipt of a meritorious complaint, any agreements between the parties are irrelevant. Once the Chief Judge determines reasonable grounds exist for attorney misconduct, the Court's authority to discipline the members of the bar of the Eastern District of Tennessee is invoked. As outlined in Rule 83.7, the only basis for dismissal of a complaint once disciplinary proceedings have been initiated is the Chief Judge's determination the complaint is without merit. E.D.TN. L.R. 83.7(c)(1) and (e). Since Cowan has not shown the complaint is without merit, the proceeding will not be dismissed.

Moreover, attorneys are under an affirmative obligation not to conceal unethical behavior on the part of their colleagues. Tenn. Sup. Ct. R. 8, RPC 8.3(a). While it is appropriate for attorneys to agree to forego further legal action, it would be against the ethical obligations of the legal profession to agree to conceal discovered unethical conduct. *Id.*

**B. Federal Rule of Bankruptcy Procedure 2016(b)**

Federal Rule of Bankruptcy Procedure 2016(b) implements 11 U.S.C. § 329, which requires "any attorney representing a debtor in a case under this title . . . [to] file with the court a statement

4

of the compensation paid or agreed to be paid." 11 U.S.C. § 329(a). The disclosure statements filed in the relevant cases revealed $750 was paid to Cowan for services in the bankruptcy cases. However, each debtor actually paid more than what was disclosed. Cowan asserts he did not discover the discrepancies until his appearance at the § 341 meetings in each case (held in April 2008). He did not correct the statements until August 4, 2008.

Cowan disputes Judge Parsons's reading of Rule 2016(b), arguing he was not under an affirmative duty to file a supplemental disclosure statement because he was not the attorney of record for the debtors.[1] This argument, however, is precluded by the plain language of 11 U.S.C. § 329 and case law from the Court of Appeals for the Sixth Circuit. *See In re Downs*, 103 F.3d 472, 477 (6th Cir. 1996) (finding the fact the attorney was not counsel on the date of the filing irrelevant to the application of the statute). Section 329 requires "[a]ny attorney representing a debtor in a case under this title . . . file with the court a statement of the compensation paid or agreed to be paid." The obligation attaches when a lawyer receives payment from a debtor for the provision of services in connection with a bankruptcy and is in no way limited to attorneys who are counsel of record. The purpose of the requirement is to "protect both creditors and the debtor against overreaching attorneys." *In re Kisseberth*, 273 F.3d 714, 721 (6th Cir. 2001). While courts have refused to extend the obligation to debtor's attorneys who render services unrelated to bankruptcy, *see, e.g.*, *In re Triple S Rests. Inc.*, 306 B.R. 191, 196 (W.D. Ky. 2004) (finding an attorney who provided services for a corporation prior to bankruptcy was not bound by the disclosure requirements), Cowan points

---

[1]From the letter written by Cowan to his clients (Court File No. 1) and the facts of their cases, it is apparent that although Cowan's law partner, Landstreet, was listed as attorney of record, in fact Cowan was the attorney and Landstreet was not actually involved in the cases other than just permitting his name to be used. Thus, this argument is disingenuous since Cowan behaved as though he was, in all but name, counsel of record.

5

to no case supporting a distinction based on whether the lawyer is the attorney of record in the bankruptcy. The testimony of the debtors clearly indicates each paid Cowan and received services related to their bankruptcies from him and not from anyone else.

Cowan had a continuing obligation under § 329 as implemented by the Federal Rules of Bankruptcy Procedure 2016(b) and 2017 to "disclose fully and completely all fee arrangements and payments." *In re Kisseberth*, 273 F.3d at 720. It is undisputed the disclosure statements, which revealed only $750 for services rendered, were inaccurate and incomplete. Cowan, as an attorney who received payments from the debtors in connection with their bankruptcy proceedings, had an unconditional duty to disclose the full amounts paid. The disclosure statements violated Rule 2016(b) when filed and Cowan continued to violate the Rule by failing to supplement the statements to correct the fee. The ongoing violation of Rule 2016(b) in seven bankruptcy cases is grounds for discipline.

### C. Failure to Act with Reasonable Diligence and Promptness

Judge Parsons found Cowan violated Rule 1.3 of the Tennessee Rules of Professional Conduct, as adopted by the Eastern District of Tennessee. E.D.TN. L.R. 83.6. Rule 1.3 states: "A lawyer shall act with reasonable diligence and promptness in representing a client." In the seven bankruptcy cases at issue in this proceeding, Cowan waited from several months to almost a year to file bankruptcy after receiving payment and agreeing to represent clients. As the cases were not complex, Cowan should have been able to file bankruptcy within a few weeks. In one case, the debtor testified Cowan told her it would take three to four weeks when it actually took Cowan nearly a year to file bankruptcy. The majority of the debtors in the seven cases were surprised by the length of time taken in filing their bankruptcy cases.

6

Case 1:08-mc-00003-TAV-SKL   Document 8   Filed 03/11/09   Page 6 of 12   PageID #: 172

Cowan attempts to excuse the delay by explaining that his office was in the middle of a transition to electronic filing and his office notifies creditors that a bankruptcy is being prepared. Judge Parsons found this did not justify the length of the delay in the seven cases. As the Tennessee Supreme Court recently reiterated, "an attorney's exercise of reasonable diligence and promptness is the cornerstone of ethical conduct." *Nevin v. Bd. of Prof'l Responsibility*, 271 S.W.3d 648, 656 (Tenn. 2008). Because of the attorney's superior knowledge and experience in legal proceedings, the client is at the lawyer's mercy in the expedient progression of the case. Cowan's failure to expeditiously file bankruptcy for his clients was a violation of the duty to exercise reasonable diligence and promptness. This violation is grounds for discipline.

## III. DISCIPLINE

Having determined Cowan's conduct was unethical, the Court must determine what disciplinary action is warranted. Judge Parsons recommended a six-month suspension from the practice of law in the Eastern District of Tennessee.

### A. Aggravating Factors

The Court, as was Judge Parsons, is disturbed by Cowan's failure to admit any wrongdoing. One of the purposes of discipline is to impress upon the disciplined attorney the importance of bringing his or her conduct in line with the standards and expectations of the bar of the Eastern District of Tennessee. Instead of taking responsibility for his actions in the proceedings, Cowan denies any obligation to notify the Bankruptcy Court of erroneous filings and attempts to justify the unreasonable delays in filing his clients' cases. Cowan's lack of remorse weighs heavily against him in this proceeding. *In re Moncier*, 550 F. Supp. 2d at 809. He shows a willingness to cast the blame

7

on others and a disregard for the seriousness of his offenses. When he believed he would be suspended from the practice of law, in his letter to his clients he downplayed the severity of the charges, asserting that although he "successfully complet[ed] over two-hundred cases for understanding clients," the "*subjective* expectations" of some clients had not been met, and, as a result, he was sanctioned for inadequate communication (Court File No. 1). In addition, he laid blame for the inadequacy of his communications to his clients on the absences and subsequent death of his secretary and the illness of his daughter, which led Cowan to be absent from work. The refusal to take responsibility for the deficiencies in his practice is directly at odds with Cowan's obligations to his clients. The Rules of Professional Conduct clearly assign sole responsibility for ethical conduct to the attorney. An attorney's duties to the client are unchanged by the existence of external factors. Cowan's attempts to excuse his behavior signify a complete lack of remorse for his unethical conduct.

Cowan's substantial experience in the practice of law is an aggravating factor because it indicates he should be well aware of applicable expectations and standards. Cowan has been licensed in Tennessee since 1968.

The snapshot of seven cases in this proceeding indicated multiple ethical offenses. While a single instance of a failure to fully report the fee received from a debtor might warrant a lesser sanction, here Cowan failed to adequately disclose the fee agreements in seven cases and did not supplement the disclosures to reveal the full amount until August 4, 2008, several months after the United States Trustee notified Cowan of the erroneous statements and filed motions to disgorge. Cowan also attempted to evade the consequences of his believed suspension by using his law partner to shield his practice of law. While not grounds for discipline, such conduct demonstrates a flagrant

8

disregard for ethical standards.

In addition to the numerous transgressions in the seven bankruptcy cases investigated in this proceeding, Cowan's history evidences a pattern of misconduct. Board of Professional Responsibility of the Supreme Court of Tennessee, Attorney Details for Thomas Ewing Cowan Jr., http://www.tbpr.org/Consumers/AttorneySearch/AttorneyDetails.aspx?BPR=002026 (last visited March 9, 2009). On November 28, 1991, Cowan was publicly censured following three complaints, including an allegation of an excessive fee and an allegation of neglect in a case. On June 22, 1995, Cowan was publicly reprimanded after being found in contempt of the Carter County Chancery Court. On February 16, 2000, Cowan was publicly censured for not having an internal diary system, which caused him to neglect a client's case. On December 19, 2002, Cowan's license to practice law in Tennessee was suspended for 30 days following a finding of contempt after he repeatedly failed to timely submit divorce judgments for signature and failed to timely file the judgments. Other proceedings are listed that have not been publically released or concluded. Such an extensive pattern of misconduct indicates a reprimand or warning would be insufficient to compel Cowan to rectify his behavior. Cowan has repeatedly failed to remedy the inadequacies in his practice that result in case mismanagement and ethical violations. This factor weighs strongly against him.

### B.  Mitigating Factors

Cowan's actions in the proceedings were the result of negligence, not intentional misconduct. Although Cowan increased the base attorney's fee for filing a Chapter 7 bankruptcy fee from $750 to $1,000, he did not change the default setting for the fee disclosure form in his office's software system. In addition, Cowan apparently was unaware the disclosure statements were incorrect until he attended the § 341 meetings in each case. While attorneys are strictly liable for violations of Rule

9

2016(b), the absence of bad faith is a mitigating factor in determining the appropriateness of discipline. Again, the delay in filing his clients' bankruptcy cases is attributable to office mismanagement rather than intentional misbehavior. Cowan asserts the office had difficulty in making the transition to electronic filing, which caused some delay during the time period at issue in this proceeding.

### C. Appropriate Discipline

In determining the appropriateness of discipline, the Court also compares Cowan's conduct with other attorneys who have been suspended by the Court. John Anderson (*In re Anderson*, 1:09-mc-1, Court File No. 7) and Herbert Moncier (*In re Moncier*, 550 F. Supp. 2d 768, 1:08-mc-9, Court File No. 69) were both suspended for failure to obey a direct court order. Disregarding an order of the court is a serious ethical violation, for which neither attorney expressed remorse. As a result, Anderson was suspended for a period of five years, with application for early reinstatement allowed after two years of suspension. Moncier was suspended for a period of seven years, with application for early reinstatement permitted after three years of suspension. Failing to fully disclose the fee paid for the attorney's services and failing to file clients' cases in a timely manner demonstrate serious issues of competency, but, where a court has already stepped in, via a direct order, to protect the professional standards of the District, an attorney's disregard of that order is among the most egregious of ethical violations. Thus, comparatively, Cowan is less culpable than Anderson and Moncier.

Upon weighing the aggravating and mitigating factors in this case, the Court finds
10

suspension[2] is necessary to impress upon Cowan the importance of conforming his professional conduct with the standards of the Eastern District of Tennessee, to protect the public, and to deter Cowan and other attorneys from engaging in similar conduct. It is clear Cowan has serious deficiencies in law office management and these deficiencies must be corrected. To fulfill these objectives, the Court will suspend Cowan from the practice of law for a period of six months effective immediately and will place him on probation for a year following suspension.

## IV. CONCLUSION

The Court finds Cowan has engaged in unethical conduct and violated the Tennessee Rules of Professional Conduct. For this reason, the Court deems it in the public interest to suspend Respondent from the practice of law in this district. His conduct has fallen below that required of members of the bar of the Eastern District of Tennessee, and has called into question his fitness to continue as a member of the bar of the Eastern District of Tennessee. Permitting an attorney who refuses to accept the ethical and professional obligations of members of the bar of this court to continue as a member of this bar poses an immediate danger to the public, the bar, and this court. The Court therefore will accept and adopt Judge Parsons's Recommendation.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Judge Parsons's Recommendation (Court File No. 6) and **ORDERS**:

(1) Effective immediately, Cowan is **SUSPENDED** from the practice of law in the United States District Court for the Eastern District of Tennessee (all divisions and all units, including the

---

[2]This Court has explained what a suspension in the Eastern District of Tennessee entails. *In re Moncier*, 569 F. Supp. 2d 725 (E.D. Tenn. 2008).

Bankruptcy Court) for a period of six months. While under suspension, Cowan shall obtain training in office management;

(2) Cowan is placed on **PROBATIONARY STATUS** following his suspension for a period of one year, during which he shall be subject to the following conditions:

a) During the probationary period, Cowan shall file a written report with the Court informing the Court of the steps he has taken to correct the deficiencies in his law office management; and

b) Cowan shall cooperate with the Court, any designee of the Court, and the Tennessee Board of Professional Responsibility in any attorney disciplinary action that might be pursued by the Court or the Tennessee Board of Professional Responsibility.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**